UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| Andrew M. Horning [Pro Se], | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-284-LJM-WGH |
| | ) |
| THE STATE OF INDIANA, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Andrew M. Horning, a human individual, and not a corporate entity or constituent member of one as implied by the Defendants' motion, files this memorandum in opposition to the motion to dismiss filed by the Defendant, The State of Indiana, et al.. For the reasons set forth below, defendant's motion should be denied.

### INTRODUCTION

This cases is about whether Indiana election law unequally imposes burdens, restrictions, rights, privileges, powers and immunities on individuals based on their association with private clubs, thereby violating Indiana and United States constitutions, and harming Plaintiff.

Plaintiff's original Complaint meets the standards described by Federal Rule of Civil Procedure 8(a). The Defendants' motion confirms the substance of the case and controversy, which is based upon plainly written law, recent precedents based upon the federal constitution's 14th Amendment, and the Plaintiff's personal involvement with the Indiana law and practices at question.

The Defendants' motion contains errors of law, reason and fact.

As citizens' rights, privileges, powers, immunities and protections are unequivocally not equal in Indiana as declared in the original Complaint, and that Plaintiff has himself been harmed by the discriminatory injustice, and that Plaintiff asks that the inequality ends as remedy, and the named Defendants are both responsible for the ongoing inequality, and capable of redress, the civil process to seek remedy, as requested in the Complaint, should continue.

Accordingly, Defendants' motion should be denied.

## LEGAL STANDARD

### 1. Motions to dismiss under 12(b)(1) and 12(b)(6)

Defendants challenge the District Court's subject matter jurisdiction and Plaintiff's standing in this case. In *Morrison v. Amway Corp.*[1], the Eleventh Circuit cautioned,

> "...that the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.' Garcia, 104 F.3d at 1261 (emphasis added). If a jurisdictional challenge does implicate the merits of the underlying claim then: [T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case."

### 2. Article III standing

Amendment XIV greatly expanded Article III federal authority over State governments precisely to expand and enforce individual citizen rights. It is on this constitutional basis, and because the State of Indiana did make and enforce laws which abridged the Plaintiff's privileges,

---

[1]   *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11 Cir. 2003)

and denied Plaintiff's equal protection of the laws, that the Plaintiff has standing.

## ARGUMENT

### 1. Plaintiff's Complaint was sufficiently stated.

To make their argument, the Defendants addressed the Plaintiff as an abstract, theoretical

group member to posit that under circumstances that have never happened in Indiana, the Plantiff

would not have been disallowed from a Primary Election.

As cited by the Defendants, Ind. Code § 3-5-2-30 is unquestionably arbitrary in assigning

privileges, powers, rights and immunities to only two private clubs based on the performance of

a single nominee in a previous election cycle.  The Defendants confirm the fact that there are

separate classes of citizens with separate rights, privileges, powers and immunities under

codified statutes; non-MPP and MPP; and argue only that the  injury suffered under the

inequality is insufficient for legal intervention.

Yet Ind. Code § 3-8-4-10[2] specifically barred the Plaintiff himself from primary elections in

2000, 2002, 2006, 2008, 2012 and 2014.  The Plaintiff is exploring another candidacy for 2016,

either as an independent or Libertarian candidate.  This etablishes both standing, and both past

and ongoing harm that would be remedied by a favorable ruling.

Plaintiff understands that there are sub-classes within the non-MPP class; but Plaintiff

---

2    Ind. Code § 3-8-4-10:
    (a) This section applies to a political party whose nominee received at least two percent (2%) but less than ten
        percent (10%) of the votes cast for secretary of state at the last election for that office.
    (b) A political party subject to this section shall also nominate the party's candidates for the following offices at
        the state convention of the party:
    (1) United States Senator.
    (2) United States Representative.
    (3) Governor.
    (4) Legislative office.
    (5) A local office listed in IC 3-8-2-5.
    As added by P.L.5-1986, SEC.4. Amended by P.L.3-1987, SEC.110; P.L.4-1996, SEC.25.

addressed those in the Complaint as an injured person as well, based on attempts in 2012 and at the present time. Under Ind. Code § 3-8-6-3, "A petition of nomination must be signed by the number of voters equal to two percent (2%) of the total vote cast at the last election for secretary of state in the election district that the candidate seeks to represent," and under short time constraints. This is an extra burden for an individual, independent candidate denied the advantages of either a MPP or "sub-category" candidate pursant to Ind. Code § 3-10-1-2, taxpayer funding, voter attention and organizational benefits of MPP and Ind. Code § 3-10-1-2 candidate status as stated in the Complaint.

## 2. Plaintiff must sue State officials in federal court.

The Defendants rely on dubious precedents to justify their violations of federal law. There have been many recent reversals in federal civil rights cases such as *Reed v. Reed*[3], or *Obergefell v. Hodges*[4]; as well as the very necessary reversals throughout the history of citizens versus their government, such as in *Bowers v. Hardwick*,[5] or *Scott v. Sandford*[6].

The language of our constitutions is plain. The Plaintiff cited the Indiana Constitution's Article I Section 23 in the Complaint because both constitutions are in agreement that all citizens are to be equal under law. This is certainly not always the case, such as when even state constitutions disagree with federal law as in *Bourke v. Beshear*[7]. As there is no disagreement between fundamental state and federal law, the matter at hand is Indiana law, and the State is violation of both fundamental state and federal law, the Plaintiff strongly asserts his rights under

---

3   *Reed v. Reed*, 404 U.S. 71 (1971)
4   *Obergefell v. Hodges*, 135 S. Ct. 2071 - Supreme Court (2015)
5   *Bowers v. Hardwick*, 478 U.S. 186 (1986)
6   *Dred Scott v. John F. A. Sandford*, 60 U.S. 393 (1857) and *Plessy v. Ferguson*, 163 U.S. 537 (1896)
7   *Bourke v. Beshear*, 996 F. Supp. 2d 542 - Dist. Court, WD Kentucky 2014

the unified principle of equality under law.

Because Ind. Code § 3-10-1-2 (for example) dates to 1986, it cannot be "settled law" on the basis of 1974 rulings. Also, in citing *American Party of Texas v. White*, the Defendants are mistaken in two important ways other than the valid dissent of Justice Douglass:

1.  The Texas law is that "candidates whose parties poll less than 200,000 votes, but more than 2% of the total vote cast for governor in that election are nominated by primary election or nominating conventions." 2% is a much lower threshold than the Indiana law which imposes a 10% minimum; and the Texas law allows either primary election or nominating conventions, while the Indiana law bars such parties from primary elections entirely. So the cases are not reasonably comparable.

2.  But even stretching comparability of statutes and precedent, the Defendants' argument here is, in essence, that separate and unequal satisfies the 14th Amendment's equal protections clause, when even *Plessy v. Ferguson*[8] made no such conclusion. As was decided, starting with *Brown v. Board of Education of Topeka*[9], separate is inherently unequal. Plaintiff argues further that inequality is also unequal under the law.

3.  **Plaintiff has standing.**

Ind. Code § 3-8-4-10 applies directly to the Plaintiff, both currently, and several times in the past. Thus he has been forbidden and is currently forbidden access to taxpayer funded primary elections. Primaries are costly and funded by taxpayers. It follows then that the Plaintiff, along with all other taxpayers, has been thus forced to provide material support to his MPP political

---

8    *Plessy v. Ferguson*, 163 U.S. 537 (1896)
9    *Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954)

opponents.

The Defendants Motion implies that parties are elected, and not individuals. While it is obviously extraordinary that taxpayers must pay for the selection of private club representatives, and this is demonstrably both unnecessary and problematic, the key argument in the Plaintiff's Complaint is that the inequality of law based upon private club association is unconstitutional and injurious based upon individual rights, not upon corporate abstractions.

As stated in the Complaint's Statement of Claim, the benefits of the primary elections to the candidates who're allowed to participate, and thus the harms against those denied such access to voters, are not at all insignificant, or beyond proof by publicly available records, testimony, and the Plaintiff's own well-documented experience in the election process.

### 4. Defendants are correctly named.

Defendants claim that State agents cannot be held liable under 42 U.S.C. § 1983. This relatively recent interpretation[10] is highly ironic, considering that Section 1983 was enacted as part of the Civil Rights Act of 1871, to provide protection for citizens in states where state agencies were unwilling to protect all citizens. Plaintiff cites *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) which held that Section 1983 could be applied to governments and government agents violating individual's constitutional rights. Decisions like *Monroe v. Pape* support the Plaintiff's decision to seek remedy in federal court as opposed to Indiana court.

Defendants named should be those who are culpable in wrongdoing, which was done in the original Complaint. These are also the parties capable of redress should the court rule in favor of

---

10  See *Monroe v. Pape*, 365 U.S. 167 (1961)

the Plaintiff.

Plaintiff reminds the Defendants of their oaths to both Indiana and USA constitutions; and that each of the defendants has a role in legislating and executing the inequality of law described in the Complaint. Government officials cannot be excused, whether Governor, legislature or appointed bureau, for executing, legislating or administering unconstitutional injustice; or failing to correct by action, nullification, Executive Order or legislation, such discriminatory inequality. Defendants were correctly identified and named in the original Complaint.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny defendant's motion to dismiss the Complaint.

Dated this 19 day of November, 2015.

Respectfully Submitted,

Andrew Horning
(812) 859 4063 home
(812) 585 0902 cell
andrewhorning@hotmail.com
7851 Pleasant Hill Road, Freedom, IN 47431